**Opinion filed May 13, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00260-CV

_____

## IN THE INTEREST OF C.J.C., A CHILD

**On Appeal from the 446th District Court**
**Ector County, Texas**
**Trial Court Cause No. E-19-034-PC**

### O P I N I O N

This is an appeal from an order in which the trial court ordered the father of C.J.C. to pay child support after the father's parental rights were terminated. In his sole issue on appeal, the father asserts that Section 154.001(a–1) of the Texas Family Code does not authorize a trial court to order post-termination child support under the circumstances present in this case. We disagree with Appellant's contention, and we affirm the trial court's order.

*Background Facts*

In 2019, the Department of Family and Protective Services filed a petition to terminate Appellant's parental rights to his teenage son, C.J.C. *See* TEX. FAM. CODE

ANN. § 161.001(b) (West Supp. 2020). Appellant subsequently signed an affidavit voluntarily relinquishing his parental rights, and the trial court entered an order terminating Appellant's parental rights. *See id.* § 161.001(b)(1)(K), (b)(2). The trial court also entered an order requiring Appellant to continue to pay child support until C.J.C. turns eighteen or graduates from high school.[1] *See id.* § 154.001(a–1).

*Statutory Construction of Section 154.001(a–1)*

Appellant's contention on appeal requires that this court construe the language of Section 154.001(a–1) of the Family Code. Statutory construction is a question of law that we review de novo. *Atmos Energy Corp. v. Cities of Allen*, 353 S.W.3d 156, 160 (Tex. 2011). When construing a statute, it is this court's task to effectuate the "expressed intent" of the legislature. *Ritchie v. Rupe*, 443 S.W.3d 856, 866 (Tex. 2014); *In re Allen*, 366 S.W.3d 696, 703 (Tex. 2012) (orig. proceeding). We are not to impose our personal policy choices, nor are we "to second-guess the policy choices that inform our statutes or to weigh the effectiveness of their results." *Ritchie*, 443 S.W.3d at 866 (quoting *Iliff v. Iliff*, 339 S.W.3d 74, 79 (Tex. 2011)). We must focus on the words of the statute because "[l]egislative intent is best revealed in legislative language." *In re Office of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013) (orig. proceeding).

The statute at issue in this case provides in relevant part as follows:

> The court may order each person who is financially able and whose parental rights have been terminated with respect to a child in substitute care for whom the department has been appointed managing conservator, a child for a reason described by Section 161.001(b)(1)(T)(iv) or (b)(1)(U), or a child who was conceived as a direct result of conduct that constitutes an offense under Section 21.02,

---

[1]We note that the trial court's order did not contain a provision for child support to terminate upon the adoption, emancipation, or death of C.J.C. *See* FAM. § 154.001(a–1)(1)(A), (C), (D). However, the parties have not complained of the absence of those terms from the trial court's order; therefore, we do not address that absence on appeal.

22.011, 22.021, or 25.02, Penal Code, to support the child in the manner specified by the order . . . .

FAM. § 154.001(a–1). Appellant and the Department offer differing interpretations of the above-quoted portion of Section 154.001(a–1).

Appellant contends that, based upon the plain reading of the statute, it "is narrowly tailored to only apply in circumstances involving sexual abuse or sexual assault" and does not apply where, as here, termination was based upon Appellant's voluntary relinquishment of his parental rights pursuant to Section 161.001(b)(1)(K). By "circumstances involving sexual abuse or sexual assault," Appellant was referring to the portion of Section 154.001(a–1) that reads: "a child for a reason described by Section 161.001(b)(1)(T)(iv) or (b)(1)(U), or a child who was conceived as a direct result of conduct that constitutes an offense under Section 21.02, 22.011, 22.021, or 25.02, Penal Code."

The Department reads the language of Section 154.001(a–1) to provide for child support in three circumstances, rather than two. We agree with the Department. In addition to the two circumstances that Appellant acknowledges, a plain reading of Section 154.001(a–1) also authorizes a trial court to order child support in a third circumstance: that being a circumstance involving "a child in substitute care for whom the department has been appointed managing conservator." FAM. § 154.001(a–1).

Stated simply, we read Section 154.001(a–1) to authorize a trial court to order child support to be paid by a person who is financially able and whose parental rights have been terminated "with respect to" **(1)** a child in substitute care for whom the Department is the managing conservator, **(2)** a child for a reason described by Section 161.001(b)(1)(T)(iv) or (b)(1)(U), **or (3)** a child who was conceived as a result of conduct that would constitute an offense under the specified sections of the

3

Penal Code. *See id.* Appellant's proposed construction of the statute cannot be grammatically supported by the syntax used by the legislature.

The record shows that C.J.C. was in substitute care in a residential treatment center and that the Department had been appointed as C.J.C.'s permanent managing conservator. Additionally, the trial court found that Appellant was financially able to support C.J.C. "in the manner specified," which was $339.27 per month until C.J.C. either turned eighteen or graduated from high school, whichever occurred later. Appellant does not challenge these findings on appeal. Therefore, because we construe the plain language used by the legislature in Section 154.001(a–1) to authorize the trial court to order Appellant to pay child support, we overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the order of the trial court.


W. BRUCE WILLIAMS
JUSTICE


May 13, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.